IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN CHIDUM OKOLIE, et al., :

     Plaintiffs,          :

v.                         :   Civil Action No. GLR-12-663

GREGORY COLLETT, et al.,    :

     Defendants.        :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (ECF No. 13). Plaintiffs' Complaint seeks review of Defendant U.S. Citizenship and Immigration Services' ("USCIS") denial, and the Board of Immigration Appeals' ("BIA") affirmance, of Plaintiff Teesha Ann Okolie's Form I-130 Petition for Alien Relative. The issues have been fully briefed and no hearing is deemed necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Defendants' Motion to Dismiss will be granted.

## I.   BACKGROUND[1]

The facts of this case span an approximately twenty-year period and include three separate submissions of Form I-130

---

[1] Unless otherwise indicated, the factual allegations in this section are taken from the Complaint and accepted as true for the purpose of this Motion.

Petitions ("Petition"), filed on Plaintiff Benjamin Chidum Okolie's behalf.

Mr. Okolie, a native and citizen of Nigeria, first entered the United States on September 1, 1990, via tourist visa. On June 26, 1992, he married Kathleen Murphy. On July 6, 1992, Ms. Murphy filed the first Petition on Mr. Okolie's behalf. Approximately six months later, however, on January 29, 1993, Ms. Murphy withdrew the Petition and submitted an affidavit stating, *inter alia*, that she married Mr. Okolie in exchange for money so he could obtain a green card. The two were divorced on September 7, 1993.

On October 30, 1993, Mr. Okolie married Teesha Ann Okolie. On February 16, 1994, Mrs. Okolie submitted the second Petition filed on Mr. Okolie's behalf, but it was ultimately denied on September 16, 1999, because of Ms. Murphy's contention that her marriage to Mr. Okolie was fraudulent. Mrs. Okolie filed a timely appeal, which the BIA dismissed on April 30, 2001, because she failed to properly supplement the record with additional evidence as requested by the district director.

Prior to the 1999 denial, Ms. Murphy submitted a written statement to the Immigration and Naturalization Service ("INS") on October 18, 1995, reiterating the assertion that her marriage to Mr. Okolie was not bona fide. (See Defs.' Mot. to Dismiss Ex. C, ECF No. 13-6). This statement was submitted in response

2

to the INS' request that Ms. Murphy respond to Mr. Okolie's claim that she allegedly admitted to lying to the immigration board regarding the status of their marriage, but did not want to recant her previous statement for fear of being charged with perjury.  Additionally, Ms. Murphy submitted an October 17, 1995 statement from her friend, Melissa Shultz, corroborating Ms. Murphy's claim that the marriage was not bona fide.  (See Defs.' Mot. to Dismiss Ex. D, ECF No. 13-7).

The third and final Petition, filed on July 14, 2000, is the triggering event that led to the pending action.  Subsequent to the filing of that Petition, the INS issued a notice of intent to deny ("NOID") the Petition on December 2, 2002, because the Plaintiffs failed to establish that Mr. Okolie's marriage to Ms. Murphy was bona fide.  (See Defs.' Mot. to Dismiss Ex. I, ECF No. 13-12).  In response, Plaintiffs supplemented the record with documents, photographs, affidavits, and a statement contending that Ms. Murphy lacked credibility and had a motive to provide false information to the INS.  (See Defs.' Mot. to Dismiss Ex. J, at 1, ECF No. 13-13).[2]  After determining that several of the submissions were duplicates and concluding that the new evidence failed to prove the Okolie-

---

[2] All page numbers cited in this Memorandum Opinion refer to the pages on the actual documents, not the ECF page numbers.

Murphy marriage was not a sham, however, USCIS[3] denied the Petition on February 18, 2005.

On March 18, 2005, Mrs. Okolie filed an appeal with the BIA. Her appeal averred that USCIS' reliance upon the October 1995 written statements of Ms. Murphy and Ms. Shultz was improper because neither she nor Mr. Okolie had an opportunity to review and rebut the statements.[4] While the appeal was pending, Mrs. Okolie filed a motion to remand on January 23, 2006, based upon the attainment of previously undiscoverable evidence. To that motion, Mrs. Okolie attached the sworn affidavits of Angela Williams Nelson and Janice Miles, both of whom swore that the Okolie-Murphy marriage was bona fide. (See Defs.' Mot. to Dismiss Ex. K, ECF No. 13-14). On February 28, 2006, the BIA granted Mrs. Okolie's motion and remanded the case to USCIS for further investigation.

After a brief August 30, 2007 interview and December 5, 2007 e-mail attempting to schedule an additional interview that never materialized, the USCIS issued a second NOID on July 8, 2009. In that NOID, USCIS concluded that the Nelson and Miles

---

[3] On March 1, 2003, the INS was transferred to the Department of Homeland Security. Thereafter, the USCIS was tasked with administering services and benefits under the immigration laws. See Delegations of Authority Regarding Immigration Laws, 68 Fed.Reg. 10,922 (Mar. 6, 2003) (codified at 8 C.F.R. pts. 1, 2, 103, 239).

[4] This opportunity was later provided in August 2009. (See Defs.' Mot. to Dismiss Ex. P, at 11).

affidavits failed to establish that the Okolie-Murphy marriage was bona fide because the affiants waited over ten years to submit their affidavits without explanation, failed to provide contact information for verification, and revealed the information during the appeals process. (See Defs.' Mot. to Dismiss Ex. L, at 9, ECF No. 13-15). USCIS further noted that Plaintiffs failed to provide evidence that impeached Ms. Murphy's credibility and that Ms. Murphy had not contacted the agency in an attempt to retract her prior statements. On August 4, 2009, Mr. Okolie submitted a letter to the USCIS challenging the agency's tendency to make credibility determinations in favor of Ms. Murphy over numerous sworn affidavits submitted on his behalf.

On October 2, 2009, USCIS denied Mrs. Okolie's Petition. In the fourteen-page denial letter, USCIS fully explained the basis of its denial, including individual explanations for each piece of evidence Plaintiffs submitted in support of their Petition. USCIS continually reiterated that its decision was not based solely upon the statements of Ms. Murphy and Ms. Shultz, but the entire record. Specifically, the letter states that the "Service concedes that [the Murphy-Shultz statements] **alone**, do not provide substantial and probative evidence of marriage fraud; however, their statements coupled with the lack of documentation of bona fides, does show that the marriage was

sham [sic]." (Defs.' Mot. to Dismiss Ex. P, at 13, ECF No. 13-19) (emphasis in original). Moreover, the agency noted that the affidavits submitted by the Okolie's "[lacked] corroborative evidence to support the claims made therein and some contain[ed] contradictions amongst the statements made by [Mr. Okolie], Ms. Murphy, and Ms. Shultz." (Id.) After Mrs. Okolie filed a timely appeal, the BIA affirmed the USCIS denial on May 13, 2011.

On March 1, 2012, Plaintiffs filed the instant Complaint for Declaratory and Injunctive Relief seeking to declare unlawful and set aside the October 2, 2009 USCIS denial and May 13, 2011 BIA affirmance of Mrs. Okolie's Petition.[5] (ECF No. 1). The Complaint also seeks an order approving Mrs. Okolie's Petition. Defendants filed the pending Motion to Dismiss on July 5, 2012, and Plaintiffs filed an Opposition on September 6, 2012. (ECF Nos. 13, 16). Defendants filed a Reply on September 24, 2012. (ECF No. 17).

---

[5] Defendants argue that a six-year statute of limitations precludes Plaintiffs from challenging the 1999 INS denial and 2001 BIA affirmance. (Defs.' Mot. to Dismiss at 19). The Complaint, however, is clear that Plaintiffs only seek relief as to the 2009 USCIS denial and 2011 BIA affirmance. Therefore, the Court will not address this argument.

## II. DISCUSSION

### A. Standard of Review

Defendants have moved to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Defendants, Plaintiffs cannot state a viable claim for relief because they failed to show that USCIS acted in an arbitrary or capricious manner.

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. U.S., 120 F.3d 472, 474 (4th Cir. 1997).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the

plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions."   Id.   (internal quotation marks and alterations omitted).

The district court's review of agency decisions is governed by the Administrative Procedure Act ("APA"), 5 U.S.C.A. § 706(2) (West 2012), which is highly deferential and presumptive in favor of the agency.   See Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 192 (4th Cir. 2009).   Under the APA, the Court's review is "usually limited to determining whether [the] agency action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."   United States v. Bean, 537 U.S. 71, 77 (2002).   This limitation illustrates that the scope of the Court's review is "narrow and a court is not to substitute its judgment for that of the agency."   Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).   The agency, however, must articulate a "satisfactory explanation" for its decision, "including a rational connection between the facts found and the choice made."   Id. (internal quotation marks and citation omitted). Thus, the "agency action will stand if the record reveals a rational basis for the decision."   Oddo v. Reno, 1999 WL 170173, at *2 (4th Cir. Mar. 29, 1999).

B.  **Analysis**

Upon review of the record, the Court finds a rational basis exists for the USCIS denial, and BIA affirmance, of Mrs. Okolie's Petition.  Therefore, Plaintiffs' Complaint will be dismissed for failure to state a claim upon which relief can be granted.

Section 204(c) of the Immigration and Nationality Act requires the USCIS to deny a visa petition when the beneficiary was previously determined to have entered into a marital relationship for fraudulent purposes.  8 U.S.C.A. § 1154(c) (West 2012); see also 8 C.F.R. § 204.2 (2007) ("Section 204(c) of the Act prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.").  During the agency investigation, the Petitioner, Mrs. Okolie, bore the burden of establishing, by a preponderance of the evidence, eligibility for the benefit sought.  Matter of Patel, 19 I. & N. Dec. 774, 781-82 (BIA 1988).

This burden included establishing that the Okolie-Murphy marriage was not a sham.  See Matter of Kahy, 19 I. & N. Dec. 803 (BIA 1988).  Central to the question of marital validity is an inquiry into whether the couple intended to establish a life together, which is evidenced by their actions after the union. Matter of Patel, 19 I. & N. Dec. at 784-85.  To support their

bona fide marriage claim, Plaintiffs submitted a substantial amount of documents including: statements from Mr. and Mrs. Okolie, affidavits swearing to the bona fides of the Okolie-Murphy marriage, the Okolie-Murphy marriage certificate, photographs, joint apartment agreements, a credit application, and bank statements, among other things.

In their Opposition, Plaintiffs aver that USCIS based its decision on the "derogatory," "uncorroborated," and "unreliable" written statements of Ms. Murphy and Ms. Shultz, which are contradicted by approximately thirteen sworn affidavits submitted by the Plaintiffs. (Pls.' Opp'n to Defs.' Mot. to Dismiss at 5). According to Plaintiffs, USCIS' failure to offer a reasonable explanation why it assigned credibility to statements and evidence supporting a finding of fraud constitutes a failure of the rational basis test. Throughout their Complaint and Opposition Plaintiffs intimate that USCIS had an agenda against Mr. Okolie and are resolute on ensuring that their determination regarding the Okolie-Murphy marriage is not disturbed.

The October 2, 2009 USCIS denial (Defs.' Mot. to Dismiss Ex. P), as well as each of the previous denials and NOIDs provided in the record (See Defs.' Mot. to Dismiss Exs. B, E-F, I-J, L, Q), however, provide several reasoned explanations regarding the agency's credibility determinations and the

perceived deficiencies in Plaintiffs' document submissions. The running theme amongst the agency's decisions is that the affidavits Plaintiffs submitted either lacked corroboration by historical evidence, provided contradictory accounts of events, or lacked credibility. For example, the agency specifically notes that it did not dispute the incident recalled in Yvonne Stewart's affidavit may have occurred, but averred that because Ms. Stewart's account of that day differed from the accounts of Ms. Murphy and Mr. Okolie, her claim was not credible. (See Defs.' Mot. to Dismiss Ex. P, at 3-5). The agency also found that Larina Mouzon's affidavit could serve the dual purpose of supporting both parties' accounts of the marriage. (Id. at 10-11).

In the July 8, 2009 NOID, the agency noted that many of the affidavits submitted were duplicates of those submitted by Ms. Murphy when she submitted a Petition on Mr. Okolie's behalf. (See Defs.' Mot. to Dismiss Ex. L, at 5). With that in mind, the agency indicated that "any documentation that is identical to the documentation submitted in support of [Ms. Murphy's] petition is considered suspect, as it may have been fabricated in order to create the facade that she and the beneficiary were in a bona fide marriage." (Id.)

Moreover, the agency explained that, aside from the affidavits, many of the documents presented failed to establish

the validity of the Okolie-Murphy marriage.   In the October 2,
2009 denial, USCIS addressed why evidence of auto insurance, car
purchases, debt clearance, photographs, joint apartment
agreements, and utility statements, among other things, failed
to establish the bona fides of the Okolie-Murphy marriage.
(Defs.' Mot. to Dismiss Ex. P, at 5-12).   For example, the
agency noted that a review of the receipt for the purchase of a
1988 Toyota Supra failed to show that both Mr. Okolie and Ms.
Murphy purchased the vehicle.   (Id. at 6). Additionally, the
agency was unable to confirm that the female in one of the
photographs Plaintiffs submitted was Ms. Murphy because her back
was to the camera.   (Id. at 7).   The agency also found that
Plaintiffs' submission of a credit application failed to show
the two actually obtained credit together.  (Id. at 9).

Finally, as to the agency's reliance upon the statements of
Ms. Murphy and Ms. Shultz, the agency specifically stated that
it did not rely solely upon the Murphy-Shultz statements in
reaching its decision, but upon the record as a whole.  (Defs.'
Mot. to Dismiss Ex. P, at 13).   Moreover, the October 2, 2009
denial letter provides reasoned explanations as to why the
agency found these two individuals credible.

First, USCIS concluded that the evidence of auto insurance
failed to support or destroy the bona fides of the marriage, but
corroborated Ms. Shultz's affidavit contending that Mr. Okolie

and Ms. Murphy planned to apply both names to bills in support of their goal to present the fraudulent marriage as valid. (Defs.' Mot. to Dismiss Ex. P, at 5).  Second, USCIS concluded that Ms. Murphy listed Ms. Schultz as a reference on the Ford Motor Credit application, which demonstrated the two were friends during the Okolie-Murphy marriage and supported Ms. Schultz's credibility. (Id. at 7).  Third, the agency concluded that the August 7, 2009 affidavit of Janice Miles and Angela Williams directly contradicted the assertions made by Ms. Murphy and Ms. Schultz, finding that, in light of the contradiction, USCIS would look to other evidence in the record.  (Id. at 8). Later in the denial letter, the agency noted that the statements of Ms. Murphy and Ms. Shultz, "coupled with the lack of documentation of bona fides, does show that the marriage was sham [sic]."  (Id. at 13).  Fourth, USCIS concluded that the joint apartment agreements, coupled with information that the apartment contained two bedrooms, increased the plausibility of Ms. Murphy's statement that the couple "lived together but maintained separate lives and were dating and bringing other people to the apartment." (Id.)  Fifth, the agency concluded that Ms. Murphy's submission of letters from Peoples Bank of Oxford, Pennsylvania and Signet Bank supported the finding that there "was **no** commingling of assets and liabilities but rather .

. . a deviation of assets." (Defs.' Mot. to Dismiss Ex. P, at 9) (emphasis in original).

The agency also addressed Plaintiffs' assertions that Ms. Murphy did not want to recant her previous statements for fear of perjury. To that end, the agency found that the record contained no evidence of any INS or USCIS threats of perjury or attempts by Ms. Murphy to retract either of her statements. (Id. at 12).

The record is replete with evidence that USCIS provided reasoned explanations for each of its evidentiary determinations. After considering all of the evidence, the agency concluded that Plaintiffs failed to establish the validity of the Okolie-Murphy marriage. Plaintiffs' disagreement with how the agency reached its conclusion does not overshadow the fact that USCIS provided a rational explanation for its decision, which was supported by the record. Moreover, the Court cannot substitute its judgment for that of USCIS. See Motor Vehicle Mfrs. Ass'n of U.S., Inc., 463 U.S. at 43.

### III. CONCLUSION

Contrary to Plaintiffs' contention, USCIS did not act in an arbitrary or capricious manner because it provided an explanation for each of its evidentiary determinations. The record, in its entirety, illustrates the thought process behind USCIS' determination that Plaintiffs' affidavits and documents

14

failed to establish the bona fides of the Okolie-Murphy marriage.

Accordingly, Defendants' Motion to Dismiss is GRANTED. (ECF No. 13).  A separate Order will issue.

Entered this 26th day of October, 2012

                              _____/s/_____
                              George L. Russell, III
                              United States District Judge